Peter S. Sloane (PS 7204)
OSTROLENK, FABER, GERB & SOFFEN, LLP
1180 Avenue of the Americas
New York, New York 10036
Telephone: (212) 382-0700

Attorneys for Plaintiff Outerluxe, Inc.

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

OUTERLUXE, INC.,

                Plaintiff,

            v.

BELLA FIORA INC. and ELLIE DIAMONDSTEIN,

                Defendants.

JUDGE CASTEL

07 CIV 9282

Action No.:

**COMPLAINT**

Plaintiff, Outerluxe, Inc., by and through its attorneys Ostrolenk, Faber, Gerb & Soffen, LLP, complaining of the activities of defendants Bella Fiora Inc. and Ellie Diamondstein, hereby alleges as follows:

**THE PARTIES**

1.    Plaintiff Outerluxe, Inc. ("Plaintiff") is a corporation organized and existing under the laws of the State of New York, having its principal place of business 1951 Palmer Avenue, Larchmont, New York 10538.

2.    Upon information and belief, defendant Bella Fiora Inc. ("Bella Fiora") is a corporation organized and existing under the laws of the State of New York, having its principal place of business at 1912 Palmer Avenue, Larchmont, New York 10538.

{00876200.1}

3. Upon information and belief, defendant Ellie Diamondstein ("Diamondstein") is an individual residing in the State of New York with a professional address at 1912 Palmer Avenue, Larchmont, New York 10538.

4. Upon information and belief, Diamondstein is an owner and principal of Bella Fiora (hereinafter collectively referred to as "Defendants").

## JURISDICTION

5. This Court has personal jurisdiction over Defendants by reason of their transaction of business in the State of New York and in this District and the commission of tortious acts within the State of New York and in this District pursuant to New York's C.P.L.R. §§301 and 302.

6. The subject matter jurisdiction of this Court over Count I rests upon causes of action arising under the Trademark Act of 1946 (as amended), 15 U.S.C. §§1051 et seq. Therefore, this Court has original jurisdiction over this Count pursuant to 28 U.S.C. §1338(a).

7. Count II is joined as a substantial and related claim and, accordingly, subject matter jurisdiction for this Count is conferred upon this Court pursuant to 28 U.S.C. §1338(b) and the doctrine of pendent jurisdiction.

8. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391.

## FACTS COMMON TO ALL COUNTS

A. **Plaintiff and Its Business**

9. Plaintiff is an upscale clothing retailer located in the town of Larchmont in Westchester County in New York.

10. In or about early 2000, Plaintiff coined the mark OUTERLUXE to exclusively designate its retail clothing store services.

11. Plaintiff has continuously been using the name and mark OUTERLUXE to identify its retail clothing store services since at least as early as August of 2000.

12. Over the past seven years, Plaintiff has spent a substantial amount of time and resources in developing and promoting its retail clothing store services under the name and mark OUTERLUXE.

13. Plaintiff has an outstanding reputation in the local community and among the broader consuming public.

14. Plaintiff has a dedicated and loyal clientele, which appreciates Plaintiff's outstanding service and selection.

15. As a result of its long use, and the high quality services offered thereunder, the name and mark OUTERLUXE has acquired substantial consumer goodwill in Westchester County and beyond.

16. In an effort to protect its name and mark, on May 8, 2007, Plaintiff filed U.S. application serial number 76/676,548 (the "Application") to register the mark OUTERLUXE with the United States Patent and Trademark Office (the "U.S.P.T.O.").

17. The Application has been approved by the Examining Attorney in the U.S.P.T.O.

18. Upon information and belief, the U.S.P.T.O. should soon issue a Certificate of Registration for the mark OUTERLUXE to Plaintiff.

19. Plaintiff's name and mark OUTERLUXE represents a valuable asset, which helps Plaintiff to distinguish its retail clothing store services from those of others.

### B.    Defendants and their Infringement

20.    Defendants are competitors of Plaintiff.

21.    Upon information and belief, Defendants own and operate three clothing stores in Westchester County.

22.    Upon information and belief, Defendants own and operate clothing stores in Larchmont, Scarsdale and Rye.

23.    Upon information and belief, Defendants recently opened a new clothing store in Rye named LUXE.

24.    Upon information and belief, after opening a new store in Rye named LUXE, Defendants changed the name of their clothing store in Larchmont from BELLA FIORA to LUXE.

25.    The name and mark LUXE is wholly encompassed within the name and mark OUTERLUXE.

26.    The retail clothing stores services provided under Plaintiff's and Defendants' respective names and marks are the same or closely related.

27.    Plaintiff and Defendants provide their respective clothing store services to the same consumers.

28.    The aforesaid name changes were made by Defendants with knowledge of Plaintiff and its earlier rights to the name and mark OUTERLUXE.

29.    The aforesaid name changes made by Defendants have resulted in actual consumer confusion.

30.    The aforesaid name changes made by Defendants have been committed in bad faith and with willful disregard for Plaintiff's prior trademark rights.

## COUNT I

### FEDERAL UNFAIR COMPETITION

31. Count I is for unfair competition under Section 43(a) of the Lanham Act (as amended), 15 U.S.C. §1125(a).

32. Plaintiff repeats and realleges the averments contained in Paragraphs 1-30 of this Complaint as if fully set forth herein again.

33. By reason of all the foregoing, Defendants are engaged in unfair competition with Plaintiff by misappropriating or attempting to misappropriate the name and mark OUTERLUXE and the goodwill and reputation associated therewith in a manner which is likely to deceive and confuse the public into mistakenly believing that the clothing offered and sold by Defendants is affiliated with Plaintiff and its name and mark OUTERLUXE.

34. By reason of all the foregoing, Defendants are engaged in unfair competition with Plaintiff by misappropriating or attempting to misappropriate the name and mark OUTERLUXE and the goodwill and reputation associated therewith in a manner which is likely to deceive and confuse the public into mistakenly believing that the goods and services offered and sold by Defendants under the name and mark LUXE originate with or are those of Plaintiff or are sponsored by, licensed by, endorsed by or are otherwise associated with Plaintiff.

35. By reason of all the foregoing, Plaintiff is being damaged by Defendants' activities in the manner set forth above and will continue to be damaged unless Defendants are enjoined from continuing to commit the aforesaid acts.

36. Upon information and belief, the aforesaid activities of Defendants have been committed in bad faith with willful disregard for Plaintiff's prior trademark rights.

37. Plaintiff has no adequate remedy at law.

## COUNT II

### STATE COMMON LAW UNFAIR COMPETITION

38. Count II is for unfair competition arising under the common law of the State of New York.

39. Plaintiff repeats and realleges the averments contained in Paragraphs 1-30 of this Complaint as if fully set forth herein again.

40. The foregoing conduct is likely to deceive and confuse the public into believing that Defendants and their goods and services are those of Plaintiff or are sponsored by, licensed by, endorsed by or are otherwise associated with Plaintiff, thereby resulting in the misappropriation of Plaintiff's prior name and mark OUTERLUXE and the goodwill and reputation which are associated therewith.

41. By reason of all the foregoing, Plaintiff is being damaged by Defendants' activities in the manner set forth above and will continue to be damaged unless Defendants are enjoined from continuing to commit the aforesaid acts.

42. Plaintiff has no adequate remedy at law.

**WHEREFORE**, Plaintiff prays for the following relief:

A. That a permanent injunction be issued enjoining and restraining Defendants, their officers, agents, servants, employees and attorneys, and any persons or entities in active concert or participation with them and any successors in interest, from using in any manner the name and mark LUXE, or any mark confusingly similar to Plaintiff's name and mark OUTERLUXE, in connection with the offer to sell, sale, advertising and promotion of any goods or services.

B.     That Defendants be ordered to deliver up for destruction to Plaintiff all unauthorized products, advertisements and promotional materials in their possession or under their control bearing the name and mark LUXE pursuant to 15 U.S.C. §1118.

C.     For such other relief as the Court may deem appropriate to prevent the trade and public from deriving any erroneous impression that any products or services offered for sale or sold by Defendants under the name and mark LUXE are authorized by Plaintiff or related in any way to Plaintiff's goods or services.

D.     That Defendants be ordered to pay to Plaintiff such damages as Plaintiff has sustained as a consequence of Defendants' unfair competition and to account for all gains, profits and advantages derived by Defendants from the sale of goods and services under the name and mark LUXE and that the award to Plaintiff be trebled for bad faith and willful infringement as provided for under 15 U.S.C. §1117.

E.     For an order directing that Plaintiff recover the costs of this action together with its reasonable attorneys' fees and prejudgment interest in accordance with 15 U.S.C. §1117.

F.     For an award to Plaintiff of such other and further relief as the Court may deem just and proper.

Dated: October 16, 2007
       New York, New York

Respectfully submitted,

_____
Peter S. Sloane (PS 7204)

OSTROLENK, FABER, GERB & SOFFEN, LLP
1180 Avenue of the Americas
New York, New York 10036-8403
Telephone: (212) 382-0700

Attorneys for Plaintiff Outlerluxe, Inc.